**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| CARMEN E. NICOSIA, | ) | 3:10-cv-00667-HDM-RAM |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| DIOCESE OF RENO, | ) | |
| | ) | |
| Defendants. | ) | |

Before the court is the defendant Diocese of Reno's ("defendant") motion to dismiss, or in the alternative, motion for summary judgment (#6). Plaintiff Carmen "Nick" Nicosia ("plaintiff") has opposed (#14), defendant has replied (#20), and plaintiff has filed a surreply (#26).

Also before the court is plaintiff's motion to strike exhibits attached to defendant's reply (#27).[1] Defendant has opposed (#32). Plaintiff indicates he will not be filing a reply (#34).

---

[1] Although plaintiff refers to this document as objections, the document is entitled both "Objections to Evidence" and "Motion to Strike." Moreover, the plaintiff moves the court to strike a number of defendant's exhibits. (Doc. #27 1:21-22). Accordingly, defendant properly responded to the motion.

1

Finally, the plaintiff has filed a first amended complaint. The defendant has filed a motion to dismiss that complaint (#35), which incorporates by reference the arguments made in its initial motion to dismiss (#6) and reply (#20). Plaintiff has opposed the motion (#36), incorporating by reference its original opposition (#14), sur-reply (#26), and motion to strike (#27). As this matter has been extensively briefed, the court finds that no reply is required.

Plaintiff filed his amended complaint without securing defendant's written consent or leave of court. *See* Fed. R. Civ. P. 15(a)(2). Although plaintiff asserts that his amended complaint is properly filed as a matter of right, Federal Rule of Civil Procedure 15(a)(1) now imposes a time limit on amendments of right. Under the current version of Rule 15, which has been in effect since December 2009,

> [a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). Defendant filed its motion to dismiss on December 17, 2010. Plaintiff's right to file an amended complaint without defendant's written consent or the court's leave thus terminated on January 7, 2011. Notwithstanding the unfortunate procedural history of this case, the court grants plaintiff leave to file his first amended complaint *nunc pro tunc* to March 25, 2011. The first amended complaint filed on that date (#28) is now properly before the court.

Because an amended complaint supersedes the original

2

complaint, it will generally moot any pending motions to dismiss. *See Pac. Bell Tel. Co. v. Linkline Commc'ns, Inc.*, 555 U.S. 438, 129 S. Ct. 1109, 1123 n.4 (2009) ("Normally, an amended complaint supersedes the original complaint."). The defendant is granted leave to file its motion to dismiss the first amended complaint (#34) *nunc pro tunc* to April 11, 2011. Because the motion to dismiss incorporates by reference the original motion to dismiss, and because all substantive allegations in the amended complaint are identical to those in the original complaint, the court has considered all briefs filed in connection with the original motion to dismiss as well as those filed in connection with the renewed motion to dismiss.

Plaintiff's first amended complaint asserts a single cause of action arising out of his termination from defendant's employ: retaliation under the False Claims Act, 31 U.S.C. § 3730(h). The sole basis for defendant's motion to dismiss is that plaintiff's claim is barred by the "ministerial exception," which prevents courts from adjudicating employment disputes between religious organizations and individuals who fulfilled ministerial roles therein. The Ninth Circuit has recognized a ministerial exception but has not adopted a test to determine when it applies.[2]

In the Ninth Circuit, the ministerial exception is properly raised in a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) as opposed to a motion to dismiss for lack of subject matter jurisdiction. *Bollard v. Calif. Province of*

---

[2] The Supreme Court has recently granted a petition for a writ of certiorari in a case involving the scope of the ministerial exception. *Hosanna-Tabor Evangelical Lutheran Church & School v. E.E.O.C.*, -- S. Ct. --, 2011 WL 1103380 (Mar. 28, 2011).

3

*the Soc'y of Jesus*, 196 F.3d 940, 951 (9th Cir. 1999). However, where application of the exception cannot be determined on the pleadings and requires instead consideration of evidence, the court should convert the motion to one for summary judgment.[3] *See Skrzypczak v. Roman Catholic Diocese of Tulsa*, 611 F.3d 1238, 1242 (10th Cir. 2010) (affirming district court's treatment of motion to dismiss based on ministerial exception as Rule 12(b)(6) motion and conversion of such to motion for summary judgment). Here, both parties have recognized that the court cannot determine whether the exception applies on the basis of the pleadings alone.

Plaintiff's complaint successfully asserts a claim for retaliation under the False Claims Act, 31 U.S.C. § 3730(h). Therefore, the limited basis on which the complaint could be dismissed at this stage is the ministerial exception. As plaintiff was a lay employee and not an ordained minister, a determination as to whether the exception applies here requires a factual analysis that the court is not required, or indeed allowed, to undertake on a motion to dismiss. Since the parties are engaged in discovery, the court will not convert the motion to dismiss to a motion for summary judgment. The defendant may file its motion for summary judgment on the basis of the ministerial exception at the close of

---

[3] Defendant asserts that application of the exception is always decided at the outset of a case, but it provides no direct legal authority in support of this assertion. The Tenth Circuit has likened the ministerial exception to the qualified immunity defense. *See Skrzypczak v. Roman Catholic Diocese of Tulsa*, 611 F.3d 1238, 1242 (10th Cir. 2010). Defendant asserts that as such, whether the ministerial exception applies must be decided at the outset of a case. *Skrzypczak*'s likening of the ministerial exception to qualified immunity was done in the context of whether the exception is a bar to jurisdiction or whether it is simply a "barrier to plaintiff's claims" – that is, whether it is an affirmative defense. *Skrzypczak* did not hold that application of the exception must be determined at the outset of a case.

4

discovery after all the facts have been fully developed.

Accordingly, the defendant's motion to dismiss, or in the alternative motion for summary judgment, is construed only as a motion to dismiss and is denied (#6, #35). The plaintiff's motion to strike (#27) is denied without prejudice as moot. The parties are not precluded from filing motions for summary judgment at the close of discovery.

IT IS SO ORDERED.

DATED: This 14th day of April, 2011.

_____
UNITED STATES DISTRICT JUDGE

5